IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDREW JAMES WILEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-00634-L-BN |
| | § | |
| **STATE OF TEXAS; TAYLOR R. JOHNSON; HECTOR GARZA; JOHN CREUZOT,** | § § § § | |
| | § | |
| Defendants. | § | |

### ORDER

On April 28, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court **deny** *pro se* Andrew James Wiley's ("Plaintiff or Mr. Wiley") request for injunctive relief (Doc. 6) and *sua sponte* **dismiss** Plaintiff's Civil Complaint ("Complaint") (Doc. 3). On May 1, 2025, Plaintiff filed objections to the Report ("Objections") (Doc. 11). Additionally on May 1, 2025, the Supplemental Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Supplemental Report") (Doc. 10) was entered, recommending that the court **deny** Plaintiff's Petition for Default Judgment ("Petition") (Doc. 9). On May 22, 2025, the Second Supplemental Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Second Supplemental Report") (Doc. 14) was entered, recommending that the court **dismiss** Plaintiff's Amended Civil Complaint ("Amended Complaint") (Doc. 12). On June 2, 2025, Plaintiff filed objections to the Second Supplemental Report ("Second Objections") (Doc. 15). For the reasons stated herein, the court **accepts** the Second Supplemental Report as that of the court.

In the Second Supplemental Report, Magistrate Judge David Horan recommended dismissal of Plaintiff's Amended Civil Complaint with prejudice as to the claims against Defendant Taylor Johnson and dismissal of claims against the remaining defendants for lack of subject matter jurisdiction for the same reasons set forth in the Report. Second Supplemental Report 2. In the Report, the magistrate judge found that the court lacked jurisdiction over the claims against the State of Texas as barred by sovereign immunity, Hector Garza as barred by judicial immunity, John Creuzot as barred by prosecutorial immunity, and Taylor Johnson for failure to state a cognizable claim. Report 5-8. Specifically as to claims against Taylor Johnson, the magistrate judge found court-appointed attorneys are not state actors and generally not subject to suit under § 1983. Report 7 (citing *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)).

Plaintiff objected to the magistrate judge's application of sovereign immunity, judicial immunity, prosecutorial immunity, and Fifth Circuit law on court-appointed attorneys not being state actors in addressing Plaintiff's original Complaint. Objections 3-8. In Plaintiff's Second Objections, he renews prior objections and argues that the magistrate judge's recommendation is a violation of due process. Second Objections 2-4.

Having considered Plaintiff's pleadings, the file, record in this case, and the Second Supplemental Report, the court determines that the findings and conclusions of the magistrate judge in the Second Supplemental Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action as to the claims by Mr. Wiley against Defendant Taylor Johnson, and **dismisses without prejudice** this action and the claims by Mr. Wiley against Defendants State of Texas, Hector Garza, and John Creuzot.

After the magistrate judge filed the Second Supplemental Report, Mr. Wiley also filed an Emergency Petition for Temporary Restraining Order ("TRO") (Doc. 17) on July 30, 2025. In light of the court's rulings herein, the court **denies as moot** the TRO.

**It is so ordered** this 4th day of September, 2025.

                                             _Sam A. Lindsay_
                                             Sam A. Lindsay
                                             United States District Judge